UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN RE APPLICATION FOR ACCESS TO        :
CERTAIN SEALED WARRANT MATERIALS
                                                 :       19-mc-0044-BAH

                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### THE GOVERNMENT'S RESPONSE TO PETITIONERS' MOTION TO UNSEAL CERTAIN SEARCH WARRANT MATERIALS AND MOTION FOR LEAVE TO FILE PROPOSED REDACTIONS UNDER SEAL

                                                 AUDREY STRAUSS
                                               Attorney for the United States,
                                               Acting Under Authority Conferred
                                               by 28 U.S.C. § 515
                                               Southern District of New York
                                               One St. Andrew's Plaza
                                               New York, New York 10007

Thomas McKay
Assistant United States Attorney
      -Of Counsel-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN RE APPLICATION FOR ACCESS TO        :
CERTAIN SEALED WARRANT MATERIALS
                                       :       19-mc-0044-BAH

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**The Government's Response to Petitioners' Motion to Unseal Certain Search Warrant Materials and Motion for Leave to File Proposed Redactions Under Seal**

The Government respectfully submits this response to the motion filed by petitioners the Associated Press, Cable News Network, Inc., The New York Times Co., POLITICO LLC and WP Co., LLC, d/b/a the Washington Post (collectively, the "Petitioners") seeking the unsealing of certain search warrant materials. Specifically, the Petitioners seek an order unsealing "the warrants, applications, supporting affidavits, and returns relating to all search, seizure or Stored Communications Act warrants" relevant to the prosecution of Michael Cohen, including four specific warrants, the existence of which has been publicly disclosed in other litigation, as well as "any other warrants issued in this District related to the Cohen prosecution that remain publicly unknown" (the "Warrant Materials"). *See* Petitioners' (Pet.) Br. 1, 4. The Petitioners ask that the Warrant Materials be released, "subject only to those precisely targeted redactions necessary to protect greater interests." Pet. Br. 2.[1]

---

[1] Although the Warrant Materials were sought and obtained by the Special Counsel's Office ("SCO"), the Government is represented in this matter by the undersigned attorneys from the United States Attorney's Office for the Southern District of New York ("SDNY"), as the SCO's investigation is now complete.

1

The Government does not oppose the Petitioners' request for unsealing of the warrants, subject to those redactions necessary to protect ongoing law enforcement matters and respect privacy concerns.[2] As the Petitioners note, a similar motion was recently litigated in the Southern District of New York, regarding search warrant materials related to the SDNY investigation of Cohen. In that case, the Honorable William H. Pauley III granted the petitioners' request in part, ordering the warrant materials at issue in that matter unsealed with redactions designed to protect law enforcement and privacy concerns. *See United States v. Cohen*, 18 Cr. 602 (WHP), 2019 WL 472577 (S.D.N.Y. Feb. 7, 2019). Those warrant materials have since been unsealed in redacted form. The instant motion concerns different Warrant Materials, relating to search warrants obtained in this District by the SCO before it referred its investigation to the SDNY. However, the issues presented in the two motions are substantially similar, including the law enforcement interests implicated by unsealing of certain portions of the Warrant Materials.

The Petitioners' motion does not seek complete unsealing of the Warrant Materials. Rather, it recognizes that "there are significant interests that arguably may be at stake, such as protecting the integrity of any ongoing investigations, the identities of confidential informants and the privacy of potentially innocent people." Pet. Br. 1; *see also* Pet. Br. 8 ("It is likely that the government can articulate one or more compelling interests at stake here, as it did in the Sourthern District of New York."). The Petitioners argue that these interests may be protected by "narrowly tailored redactions." Pet. Br. 1. This position is consistent with Judge Pauley's decision in the

---

[2] By not opposing the request for partial unsealing, the Government does not intend to concede certain legal issues raised by the Petitioners' motion, such as the whether the right of public access to warrant materials attaches upon the warrant's execution or whether that right instead attaches once the subject or target has been indicted or pled guilty. *See* Pet. Br. 5-6. Rather, because the parties appear to agree that limited redactions are appropriate at present, the Government respectfully submits that there is no need for the Court to resolve these issues at this time.

related litigation in the SDNY. Specifically, Judge Pauley ruled that "the portions of the Materials relating to Cohen's campaign finance crimes shall be redacted" to protect an ongoing law enforcement investigation, along with "the paragraphs of the search warrant affidavits describing the agents' experience or law enforcement techniques and procedures." *Cohen*, 2019 WL 472577, at *6. By contrast, Judge Pauley ordered that the portions of the materials that did not relate to the campaign finance investigation be unsealed, subject to limited redactions to protect the privacy interests of certain uncharged third parties. *Id.* at *6-7. Judge Pauley's decision in these respects is also consistent with prior decisions of this Court, which have recognized the distinction between law enforcement interests in ongoing, as opposed to closed, investigations, as well as the importance of respecting privacy concerns for uncharged third parties. *See, e.g.*, *Matter of the Application of WP Company LLC*, 16-mc-351 (BAH), 2016 WL 1604976, at *2 & n.2 (D.D.C. Apr. 1, 2016).

Consistent with the foregoing, the Government does not oppose the Petitioners' request for partial unsealing, but respectfully requests that the Court authorize redactions consistent with those authorized by Judge Pauley in the SDNY litigation. The Government therefore seeks leave to file proposed redactions to the Warrant Materials under seal for *in camera* review. The Government respectfully submits that the proposed redactions are narrowly tailored to protect the law enforcement and privacy interests at stake, as well as to ensure consistency with the redactions authorized by Judge Pauley, as much of the material covered by the proposed redactions was similarly redacted in the SDNY litigation.

Finally, the Petitioners' ask the Court to set a "sunlight date" at which time any portions of the Warrant Materials that remain sealed would be automatically unsealed absent a showing that continued sealing is justified. Pet. Br. 15. Under Judge Pauley's order in the SDNY matter, the

Government must submit a status report on the need for continued sealing no later than May 15, 2019. The Government has no objection to submitting a similar update to this Court on that date, or on whatever thereafter the Court deems appropriate.

    For these reasons, the Government respectfully seeks leave to file proposed redactions to the Warrant Materials under seal for *in camera* review, and requests that the Court ultimately approve the proposed redactions. Counsel for the Petitioners has advised that the Petitioners consent to the Government's request to file proposed redactions under seal in the first instance.

Dated:   April 18, 2019
          New York, New York

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: _____
Thomas McKay
Assistant United States Attorney